Charles **ACKLEY, et al., Plaintiffs,**

Ronald **Coburn, et al., Plaintiffs–
Appellees,**

v.

**LOCAL UNION 337, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN,
AND HELPERS OF AMERICA, a Vol-
untary Unincorporated Association,
Defendant–Appellant,**

**H.R. Hillard, Defendant.**

No. 89–1135.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 18, 1990.

Decided Oct. 31, 1991.

Rehearing En Banc is Rendered Moot
Nov. 18, 1991.

Peter C. Jensen (argued and briefed),
Leopold P. Borrello, Thomas & Jensen,
Saginaw, Mich., for plaintiffs and plain-
tiffs-appellees.

Jerome S. Coleman (briefed), Ashley S.
Lipson (argued), Coleman, Lipson & Brad-
ford, George R. Geller, Farmington Hills,
Mich., for defendant-appellant.

Before NELSON and BOGGS, Circuit
Judges, and BATTISTI, District Judge.*

ORDER

This is an action against a labor union
for alleged breach of the union's duty of
fair representation. In a split decision pub-
lished at 910 F.2d 1295 (6th Cir.1990), we
affirmed a judgment in favor of the plain-
tiff union members.

The defendant union petitioned for re-
hearing. Noting that the United States
Supreme Court had issued a writ of certio-
rari in *O'Neill v. Air Line Pilots Associa-
tion*, 886 F.2d 1438 (5th Cir.1989), which
presented an issue comparable to that
presented here, we entered an order in
which we stated that we were granting the
petition for rehearing and retaining juris-
diction pending the Supreme Court's final
decision in *O'Neill.*

The *O'Neill* case has now been decided.
See *Air Line Pilots Association v. O'Neill,*
— U.S. ——, 111 S.Ct. 1127, 113 L.Ed.2d
51 (1991). It teaches that what a union
does in its negotiating capacity is not ac-
tionable absent proof of bad faith, discrimi-
nation, or behavior so unreasonable as to
be irrational.

Having reexamined the record of the in-
stant case in light of *O'Neill*, we are satis-
fied, essentially for the reasons stated by
Judge Nelson in the dissenting opinion re-
ported at 910 F.2d 1304, *et seq.*, that there
is no basis on which the jury could properly
have found the defendant union's conduct
to have been arbitrary, discriminatory, or
irrational. Accordingly, our affirmance of
the judgment of the district court is VA-
CATED, the judgment of the district court
is REVERSED, and the case is REMAND-
ED for entry of judgment in favor of the
defendant.

* The Honorable Frank J. Battisti, United States
District Judge for the Northern District of Ohio, sitting by designation.

BOGGS, *Circuit Judge,* dissenting.

My views on this case were set out at length in the initial opinion of the court in this case, reported at 910 F.2d 1295 (6th Cir.1990). I continue to adhere to those views. As explained in that opinion, I believe there is evidence from which a rational jury could find, in the words of the majority on rehearing, "the defendant union's conduct to have been arbitrary, discriminatory, or irrational." *O'Neill* requires no more. *See* —— U.S. ——, 111 S.Ct. 1127, 1137, 113 L.Ed.2d 51 (1991). A rational compromise is not invidious discrimination. However, discrimination based on arbitrary use of pre-existing power relationships, which is what a jury found here, is not rational. I therefore respectfully dissent from the court's action on rehearing.

## ORDER

### Nov. 18, 1991.

Upon consideration of the order amending the August 1, 1990 opinion in the above case,

And further considering that counsel for the appellant was given until November 14, 1991 to either supplement its original petition or withdraw it, and that counsel for the appellees was also given until that date to seek en banc reconsideration,

And further considering that neither party responded by the deadline date of November 14, 1991,

It is ORDERED that the appellant's petition for rehearing en banc is rendered moot.