948 F.2d 267
 138 L.R.R.M. (BNA) 2751, 120 Lab.Cas. P 10,989
 Charles ACKLEY, et al., Plaintiffs,
Ronald Coburn, et al., Plaintiffs-Appellees,
v.
LOCAL UNION 337, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN, AND HELPERS OF AMERICA,
a Voluntary Unincorporated Association,
Defendant-Appellant,
H.R. Hillard, Defendant.
 No. 89-1135.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 18, 1990.
Decided Oct. 31, 1991.
Rehearing En Banc is Rendered Moot
Nov. 18, 1991.
 
 1
 Peter C. Jensen (argued and briefed), Leopold P. Borrello, Thomas & Jensen, Saginaw, Mich., for plaintiffs and plaintiffs-appellees.
 
 
 2
 Jerome S. Coleman (briefed), Ashley S. Lipson (argued), Coleman, Lipson & Bradford, George R. Geller, Farmington Hills, Mich., for defendant-appellant.
 
 
 3
 Before NELSON and BOGGS, Circuit Judges, and BATTISTI, District Judge.*
 
 ORDER
 
 4
 This is an action against a labor union for alleged breach of the union's duty of fair representation. In a split decision published at 910 F.2d 1295 (6th Cir.1990), we affirmed a judgment in favor of the plaintiff union members.
 
 
 5
 The defendant union petitioned for rehearing. Noting that the United States Supreme Court had issued a writ of certiorari in O'Neill v. Air Line Pilots Association, 886 F.2d 1438 (5th Cir.1989), which presented an issue comparable to that presented here, we entered an order in which we stated that we were granting the petition for rehearing and retaining jurisdiction pending the Supreme Court's final decision in O'Neill.
 
 
 6
 The O'Neill case has now been decided. See Air Line Pilots Association v. O'Neill, --- U.S. ----, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991). It teaches that what a union does in its negotiating capacity is not actionable absent proof of bad faith, discrimination, or behavior so unreasonable as to be irrational.
 
 
 7
 Having reexamined the record of the instant case in light of O'Neill, we are satisfied, essentially for the reasons stated by Judge Nelson in the dissenting opinion reported at 910 F.2d 1304, et seq., that there is no basis on which the jury could properly have found the defendant union's conduct to have been arbitrary, discriminatory, or irrational. Accordingly, our affirmance of the judgment of the district court is VACATED, the judgment of the district court is REVERSED, and the case is REMANDED for entry of judgment in favor of the defendant.
 
 
 8
 BOGGS, Circuit Judge, dissenting.
 
 
 9
 My views on this case were set out at length in the initial opinion of the court in this case, reported at 910 F.2d 1295 (6th Cir.1990). I continue to adhere to those views. As explained in that opinion, I believe there is evidence from which a rational jury could find, in the words of the majority on rehearing, "the defendant union's conduct to have been arbitrary, discriminatory, or irrational." O'Neill requires no more. See --- U.S. ----, 111 S.Ct. 1127, 1137, 113 L.Ed.2d 51 (1991). A rational compromise is not invidious discrimination. However, discrimination based on arbitrary use of pre-existing power relationships, which is what a jury found here, is not rational. I therefore respectfully dissent from the court's action on rehearing.
 
 ORDER
 
 10
 Nov. 18, 1991.
 
 
 11
 Upon consideration of the order amending the August 1, 1990 opinion in the above case,
 
 
 12
 And further considering that counsel for the appellant was given until November 14, 1991 to either supplement its original petition or withdraw it, and that counsel for the appellees was also given until that date to seek en banc reconsideration,
 
 
 13
 And further considering that neither party responded by the deadline date of November 14, 1991,
 
 
 14
 It is ORDERED that the appellant's petition for rehearing en banc is rendered moot.
 
 
 
 *
 The Honorable Frank J. Battisti, United States District Judge for the Northern District of Ohio, sitting by designation